IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TURNER ALEXANDER GOODWIN #503549, | ) |
| | ) |
| Plaintiff, | ) No. 3:15-cv-00927 |
| | ) |
| v. | ) CHIEF JUDGE SHARP |
| | ) |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff Turner Alexander Goodwin, a pretrial detainee in the custody of the Davidson County Sheriff's Office, brings this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

### I.   Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted).

## II. Factual Allegations

The plaintiff alleges that on June 25, 2015, he was attacked, beaten and robbed by four other detainees in the custody of the Davidson County Sheriff. He alleges that the incident would not have happened if officer Samantha Hill or any other officer had been at her post to prevent it, and that it was the result of "a failure of neglecting there [sic] post." The plaintiff further alleges that after the beating, staff gave him ice and Tylenol, but did not take him to a hospital or perform x-rays.

As defendants, the plaintiff names the Davidson County Sheriff's Office, the Hill Detention Center where he is housed, Officer Samantha Hill, and the four detainees who attacked him: Quintel Hudson, Lamante Thompson, Adarius Frazier and Damonta Meneese. He seeks injunctive relief including a policy change at the jail, and unspecified money damages for his pain and suffering and long-term medical care "should they [sic] be any."

### III.   Analysis

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff's allegations in this case, taken as true for the purpose of this review, fail to state a claim under § 1983 against any of the named defendants. There is clearly no basis for finding that the plaintiff's four attackers were acting under color of state law, and the plaintiff therefore does not state a claim against them under § 1983. Further, it is well established that the detention center itself is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").

Likewise, the Davidson County Sheriff's Office is not an entity that is subject to liability under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2, *3 (M.D.

3

Tenn. Aug.25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Broadly construing the claims against the Sheriff's Office as being asserted against Metropolitan Nashville and Davidson County ("Metro"), of which the Sheriff's Office is a division, a local government like Metro is not liable under § 1983 unless the alleged violation occurs pursuant to the municipality's policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 692 (1978). Even taking the plaintiff's demand for an unspecified policy change as an allegation that his injuries were the result of a flawed policy, the plaintiff's claim still fails for the reasons that follow.

Defendant Hill was presumably acting under color of law when she allegedly "neglect[ed]" her post. Thus while she is a proper individual defendant to a § 1983 suit, the plaintiff has not alleged any action or inaction on her part that rises to the level of a violation of his constitutional rights. It is well established that prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners, *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994), and that pretrial detainees have rights under the Fourteenth Amendment that are analogous to those provided by the Eighth Amendment.[1] *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). However, "[a] prison official's duty ... is to ensure 'reasonable safety,' "not absolute safety. *Farmer*, 411 U.S. at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may therefore be held liable only for acting with "deliberate indifference" to inmate health or safety; a showing of deliberate indifference requires proof that the official knew that the

---

[1] The Supreme Court has recently held that pretrial detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472–73 (2015), but that decision has not been held to apply to deliberate indifference cases.

4

inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. As the Supreme Court has recently reminded, "liability for negligently inflicted harm is *categorically* beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)) (emphasis in *Kingsley*).

Thus, in order to make out a "failure to protect" claim at the pleading stage, a prisoner plaintiff must allege facts suggesting prison officials were deliberately indifferent to his health or safety. *Farmer*, 411 U.S. at 832, 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837. In this case, the plaintiff alleges nothing more than simple negligence on the part of defendant Hill. He does not allege that she or anyone else at the detention facility were aware that he was at risk of attack or deliberately ignored such a risk. He has thus failed to satisfy the § 1983 standard for deliberate indifference to his safety.

The plaintiff's complaint about the extent of medical care provided to him after the attack similarly falls short of a claim for a constitutional violation. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment.[2] *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F3d 563, 570 (6th Cir. 2013). The plaintiff has not alleged any serious injury or ongoing

---

[2] Again, the fact that Plaintiff is a pretrial detainee rather than a convicted prisoner does not alter this analysis, as pretrial detainees have an analogous right under the Fourteenth Amendment. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

suffering resulting from his attack, and the minor bruising and swelling portrayed in the color photographs attached to his complaint do not reveal any obviously serious medical need.

Moreover, the subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To establish the subjective component of this alleged violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5. The plaintiff acknowledges that he was provided with some treatment and has not alleged any facts that satisfy this subjective standard.

Finally, the plaintiff complains that no charges have been brought against the individuals who attacked and robbed him. The United States Court of Appeals for the Sixth Circuit has affirmed the dismissal of a § 1983 complaint as frivolous where the inmate's claim was that the defendants had failed to charge or punish another inmate who had allegedly attacked him. *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169 (6th Cir. Nov. 9, 1999). As the court explained, "contrary to Napier's belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted." *Id.* at *1; *see also Irons v. Trani*, No. 06-cv-02254, 2008 WL 821903, at *2, 7 (D. Colo. March 24, 2008) (adopting Report & Recommendation and dismissing claim where Eighth Amendment claim based on prison officials' failure to punish inmate's alleged attacker was without merit); *Cullen v. DuPage Cnty., Illinois*, No. 99 C 1296, 1999 WL 1212570, at *3 (N.D. Ill. Dec. 14, 1999) (holding the lack of disciplinary charges against inmate's alleged assailant "is not a basis for a civil rights action"). The Sixth Circuit went on to find the case was properly dismissed because the plaintiff had "not alleged any facts to indicate that the defendants have engaged in any intentional misconduct, and it is well established that the negligence of government officials cannot form the basis for a § 1983 action." *Id.* Moreover, to the extent the plaintiff's complaint relates to the lack of formal criminal charges by the district attorney, that issue is clearly beyond the control of any of the defendants to this action.

## IV. CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. An appropriate Order is filed herewith.

Kevin H. Sharp, Chief Judge
United States District Court